**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4432**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DERRICK LASHAWN SMITH, a/k/a D-Love,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.    Norman K. Moon, District Judge.  (3:04-cr-00047-nkm-17)

───────────

Submitted:  October 5, 2009      Decided:  October 23, 2009

───────────

Before WILKINSON, KING, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant.    Julia C. Dudley, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lashawn Smith appeals the eighteen-month sentence he received when the district court found him guilty of a Grade C violation of his supervised release. On appeal, Smith asks this court to vacate the sentence because it is plainly unreasonable. We reject Smith's arguments and affirm his sentence.

In 2005, a federal grand jury charged Smith and sixteen other defendants with conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, five kilograms or more of cocaine, and unspecified quantities of heroin, PCP, and marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2006), and conspiracy to participate in a Racketeer Influenced Corrupt Organization ("RICO"), in violation of 18 U.S.C. § 1962(d) (2006). Smith pled guilty to the RICO charge. Smith's sentencing range under the advisory Sentencing Guidelines was 324-405 months' imprisonment. Upon the Government's motion, the court departed downward from this range because Smith had substantially assisted the Government, and sentenced Smith to twenty-four months' imprisonment and three years' supervised release. In May 2008, Smith's sentence was reduced to nineteen months, as a result of his 18 U.S.C. § 3582(c)(2) (2006) motion based on the crack cocaine amendment to the Sentencing Guidelines.

On August 26, 2008, Smith began his supervised release term. Less than four months later, on December 11, 2008, Smith was arrested and charged with possession of marijuana and driving with a suspended license. Smith's probation officer filed a violation report based on this conduct, classifying it a Grade C violation. U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(3), p.s. (2008). This, combined with Smith's category V criminal history, resulted in a policy statement range of 7-13 months' imprisonment. USSG § 7B1.4(a), p.s. Because the original conviction was a Class A felony, the statutory maximum term of imprisonment for the violation was sixty months. See 18 U.S.C. §§ 1963(a), 3559(a)(1), 3583(e)(3) (2006); 21 U.S.C. § 841(b)(1)(A)(ii), (iii) (2006).

At the revocation hearing, the Government argued for an upward departure from the policy statement range because Smith's original sentence resulted from a downward departure. Although Smith conceded the violation, he asked the court to consider certain facts that he maintained mitigated the severity of the violation, including that the offense involved a very small amount of marijuana; that Smith had not failed a drug test; that Smith had cooperated with his probation officer; and that Smith was pursuing a GED and taking steps to have his driver's license reinstated. In addition to this proffer by

counsel, Smith's uncle testified that he would offer Smith full-time employment if Smith were released.

The district court found Smith guilty of the violation and sentenced him to eighteen months' imprisonment. The court explained this was "an upward departure based on the substantial 5K motion that he received on the underlying offense."

On appeal, Smith contends the district court failed to adequately explain the basis for its decision to depart upward from the policy statement range, and argues that his sentence is plainly unreasonable, both procedurally and substantively.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The sentence first must be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

Upon finding a revocation sentence is not unreasonable, we will affirm the sentence. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.; see Finley, 531 F.3d at 294. Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C. §§ 3553(a), 3583 (2006), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Smith's challenge to the procedural reasonableness of his sentence lacks merit. The district court articulated a reason for its upward departure: that Smith had previously received a significant downward departure. As Application Note 4 to USSG § 7B1.4, p.s., specifically contemplates a departure on this very basis, and the Government made the court aware of this and the extent of the court's previous downward departure, we find this explanation was sufficient. "[A] court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a . . . supervised release term need not be as specific as has been required when courts departed from guidelines." Crudup, 461 F.3d at 439 (internal quotation marks, citation, and emphasis omitted).

Smith next asserts that his sentence is substantively unreasonable because the district court failed to provide a sufficient explanation for the eighteen-month term and the term was greater than necessary. According to Smith, the court heard testimony and proffer that weighed against an upward departure, but did not specifically address any of those facts prior to imposing the departure sentence. Thus, Smith maintains, the sentence is substantively unreasonable.

Consideration of the substantive reasonableness of a sentence requires an assessment of the totality of circumstances underlying the sentence, including the extent of any variance from the Guidelines range. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). While Smith is correct that the district court did not address the facts that he argued in support of a within-policy range sentence, this omission does not render the sentence substantively unreasonable. It is apparent the district court determined that the considerations advanced by Smith were simply insufficient to overcome the single reason advanced for the upward departure: that, although Smith's twenty-four month sentence was the product of a 93% reduction from the bottom of his original guideline range, less than four months after his release from that sentence, Smith violated the terms of his supervised release. This violation was a plain breach of the court's trust, see Crudup, 461 F.3d at

6

437-38, and in light of that breach, the district court exercised its discretion to depart upward from the policy statement range of seven to thirteen months' imprisonment to sentence Smith to a term of eighteen months. This departure is modest in light of the totality of the circumstances, and is well within the five-year statutory maximum.

For the foregoing reasons, we find the sentence imposed was reasonable and thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED